867 P.2d 1006

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Raymond Russell EDMONDSON, Defendant–Respondent.**

No. 20330.

Court of Appeals of Idaho.

Jan. 12, 1994.

Larry Echohawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for appellant.

No appearance by respondent.

WALTERS, Chief Judge.

This is a review of a district court's decision on an intermediate appeal setting aside a jury verdict finding Raymond Edmondson guilty of misdemeanor driving under the influence. The sole question presented for our review is whether the magistrate erroneously excluded evidence offered by Edmondson to show that he manifested no observable signs of intoxication when police pulled him over in his vehicle. As explained below, we hold that the magistrate's evidentiary ruling was correct. Accordingly, we reverse the district court's appellate decision and reinstate the verdict.

### Facts

In the early morning of February 23, 1991, Edmondson was stopped by the police while driving a vehicle with a broken taillight. When the officers noticed the smell of alcohol on Edmondson's breath, they subjected him to field-sobriety tests. The officers recorded the entire encounter on audio tape. They then transported Edmondson to the police station where several samples of Edmondson's breath were tested using an Intoximeter. Based upon the Intoximeter test results, the state charged Edmondson with DUI, a violation of I.C. § 18–8004(1), accusing him of driving a motor vehicle "with a B.A.C. above .10, to-wit: .14/.13."

Prior to trial, the state advised the court and Edmondson that it would seek a conviction solely upon evidence that Edmondson was driving with an alcohol concentration in excess of the .10 proscribed by I.C. § 18–

8004(1). Having thus limited itself to proving a *per se* violation of the statute, the state then sought to prevent Edmondson from introducing any evidence concerning the observable signs of actual intoxication, or lack thereof, at the time he was stopped. Specifically, the state objected to the admission of the results of the field-sobriety tests and the audio tape made of the stop, arguing that neither was relevant to the allegations in the case. The magistrate sustained the state's objection on the ground of relevance and refused to admit the evidence. At the conclusion of the trial, the jury returned a verdict finding Edmondson guilty of DUI. Pursuant to its authority under I.C. § 19–2601, the magistrate entered an order withholding judgment and placing Edmondson on probation.

Appealing from that order to the district court, Edmondson challenged the magistrate's refusal to admit the results of the field-sobriety tests and the audio tape, contending that such evidence was relevant and admissible to impeach the accuracy of the Intoximeter test results. The district court agreed with Edmondson, reversed the magistrate's ruling, set aside the jury verdict, and remanded the case for a new trial. The state then brought this appeal.

### Issue and Standard of Review

■ The question presented on appeal is whether the magistrate properly excluded the evidence offered by Edmondson to show his observable signs of impairment. Although questions of admissibility often involve the exercise of the trial court's discretion, the threshold determination of whether the evidence offered is "relevant" presents an issue of law over which we exercise free review.[1] *See* I.R.E. 401 *and* 402; *Lubcke v. Boise City/Ada County Housing Authority,* 124 Idaho 450, 496, 860 P.2d 653, 699 (1993); *State v. Maylett,* 108 Idaho 671, 674, 701 P.2d 291, 294 (Ct.App.1985) (Burnett, J., concurring). In addressing the magistrate's rulings below, this Court will conduct its review in-

dependently from, albeit with due regard for, the district court's intermediate appellate decision. *See State v. Jordan,* 122 Idaho 771, 839 P.2d 38 (Ct.App.1992).

### Analysis

Rule 401, I.R.E., defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." All relevant evidence is admissible unless excludable on certain grounds. I.R.E. 402; *State v. Pressnall,* 119 Idaho 207, 804 P.2d 936 (Ct.App. 1991). Conversely, evidence which is not relevant is inadmissible, and should be excluded if a proper objection is made.

■ Idaho Code § 18–8004(1)(a) makes it a criminal offense for a person to drive while under the influence of alcohol. That offense may be established under either of two alternative theories of proof: (1) by direct or circumstantial evidence of impairment of ability to drive due to the influence of alcohol; or (2) by forensic testing of the driver's blood, breath or urine showing an alcohol content in excess of the statutory limit, *i.e.,* .10 or more. *State v. Andrus,* 118 Idaho 711, 800 P.2d 107 (Ct.App.1990); *State v. Knoll,* 110 Idaho 678, 718 P.2d 589 (Ct. App.1986). The state, in its complaint, may elect to proceed against the defendant under either or both theories of proof. Evidence relevant under one theory of proof is not necessarily relevant under the other. *Andrus,* 118 Idaho at 713, 800 P.2d at 109.

■ This Court has previously held that when a defendant is charged only with the being under the influence theory, the defendant may not attempt to show that had an alcohol concentration test been given, the result would have been less than .10. *See State v. Tate,* 122 Idaho 366, 834 P.2d 883 (Ct.App.1992). The speculation of whether a defendant would have been above or below a

---

1. Even if relevant, the trial court properly may exclude the evidence if it determines, in the exercise of its discretion, that the probative value of the evidence is substantially outweighed by the danger of causing unfair prejudice to the defen-

dant. *See* I.R.E. 403; *State v. Clay,* 112 Idaho 261, 731 P.2d 804 (Ct.App.1987). This determination will not be disturbed on appeal absent a showing of abuse of discretion.

.10 is *not* relevant as to whether that person was under the influence to the extent that his driving was impaired. In the instant case, the state elected to prove the charge of DUI solely with evidence showing an excessive alcohol concentration. Proof beyond a reasonable doubt that the driver had an alcohol concentration of .10 or more is deemed a *per se* violation of the statute, and is conclusive, not presumptive, of guilt. *Andrus*, 118 Idaho at 713, 800 P.2d at 109. Consequently, the extent of Edmondson's impairment was neither an element nor a fact of consequence in the state's case-in-chief.

█ It does not necessarily follow, however, that such evidence will be inadmissible for the purpose of impeachment. As we observed in *State v. Pressnall, supra:*

> A defendant charged with driving under the influence by proof of excessive alcohol content is entitled to offer any competent evidence tending to impeach the results of the evidentiary tests admitted against him. *See State v. Clark*, 286 Or. 33, 593 P.2d 123, 128 (1979); *State v. Gates*, 7 Haw.App. 440, 777 P.2d 717, 720–21 (1989). Thus, a defendant may introduce evidence of his blood alcohol content, or other direct or circumstantial evidence, to show a disparity between such evidence and the results produced by the chemical testing, so as to give rise to an inference that the prosecution's test results were defective. *See State v. Clark*, 593 P.2d at 126–27; *State v. Keller*, 36 Wash.App. 110, 672 P.2d 412 (1983).

*Pressnall*, 119 Idaho at 209, 804 P.2d at 938. In *Pressnall*, the defendant sought to introduce nonforensic evidence of his blood-alcohol concentration, coupled with testimony establishing its relationship to the level of alcohol in his breath, to show an alcohol concentration of less than .10. *Id.* We held such evidence, which contradicted the results produced by the state's breath test, was relevant

and admissible for the purpose of impeaching the state's test. *Id.*

█ In contrast to the situation presented in *Pressnall*, however, the record in the instant case contains nothing which correlates Edmondson's physical manifestations with the alcohol concentration level shown by the results of the Intoximeter. As we have previously noted, evidence of impairment is not probative for the purpose of challenging an alcohol concentration test "unless an adequate foundation [is] laid to show a correlation between the alleged blood-alcohol level and the likely manifestation of specific symptoms." *Knoll*, 110 Idaho at 682 n. 3, 718 P.2d at 593 n. 3. The necessary foundation would ordinarily require expert testimony regarding the reasonably expected symptoms of intoxication of someone with the defendant's physical characteristics and a breath alcohol content as shown by the Intoximeter. Where, as in Edmondson's case, such foundation is entirely lacking, the evidence of his outward symptoms was not relevant, and therefore inadmissible. *But see State v. Clark*, 286 Or. 33, 593 P.2d 123, 128 (1979).[2] Hence, the magistrate properly excluded the evidence.

## Conclusion

For the reasons explained above, we hold that the magistrate correctly sustained the state's objection to the admission of evidence. We therefore reverse the district court's decision vacating the jury verdict, and we affirm the magistrate's order withholding a judgment of conviction.

LANSING and PERRY, JJ., concur.

---

**2.** As duly noted by the district court in its appellate decision, this Court in *Pressnall* cited the *Clark* case as supportive of the proposition that "[a] defendant charged with DUI is entitled to offer any competent evidence tending to impeach the results of the evidentiary tests offered against him." *Pressnall*, 119 Idaho at 209, 804 P.2d at

938. However, we did not address, nor do we agree with, the Oregon court's position in *Clark* that the absence of observable symptoms of intoxication is evidence which a lay person may consider, as a matter of common knowledge, in evaluating the accuracy of the chemical analysis of the defendant's blood or breath.