39 P.3d 647

STATE of Idaho, Plaintiff–Respondent,

v.

James Charles HARDESTY,
Defendant–Appellant.

No. 26818.

Court of Appeals of Idaho.

Jan. 10, 2002.

Coffel Law Offices, P.C., Nampa, for appellant. Alan J. Coffel argued.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

PERRY, Judge.

James C. Hardesty appeals from the district court's appellate decision reversing the magistrate's order granting Hardesty's motion to present expert testimony. We affirm.

I.

FACTS AND PROCEDURE

Hardesty was charged with driving under the influence of alcohol (DUI), I.C. § 18–8004(1)(a), after his breath test indicated .15 percent and .14 percent breath alcohol concentration. The state alleged that Hardesty was driving while having an alcohol concen-

tration of .08 percent or more as shown by analysis of his breath.

Hardesty filed a motion to allow expert testimony at trial. Hardesty sought to have a toxicologist testify regarding the unreliability of breath testing based on the variability of the partition ratio utilized in converting a person's breath alcohol concentration to a blood alcohol concentration. The state objected to this testimony on the basis that it was speculative and irrelevant under Idaho's current DUI statute.

At a hearing on Hardesty's motion, counsel for Hardesty did not submit an offer of proof but indicated that the expert's opinion—that the standard partition ratio is inaccurate because individual partition ratios vary—would be used to impeach Hardesty's breath test result. The magistrate granted Hardesty's motion, holding that I.C. § 18–8004 allowed breath test results to be admissible but it did not insulate either the partition ratio or the testing instrument from attack. The magistrate further held that, assuming a proper foundation, Hardesty's expert could testify as an expert pursuant to I.R.E. 702. The magistrate did not directly address, and appears to have presumed, that the expert's testimony was relevant to the issue of whether Hardesty was driving under the influence of alcohol as defined by I.C. § 18–8004.

The state sought permission from the district court to appeal the magistrate's interlocutory order, which was granted. On the intermediate appeal, the district court reversed the magistrate's order. The district court determined that the toxicologist's testimony regarding the variability of the partition ratio was speculative and irrelevant. Hardesty appeals.

## II.

## STANDARD OF REVIEW

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). Although questions of admissibility of evidence often involve the exercise of the trial court's discretion, the threshold determination of whether the evidence offered is relevant presents an issue of law over which we exercise free review. *State v. Edmondson,* 125 Idaho 132, 134, 867 P.2d 1006, 1008 (Ct.App.1994).

## III.

## ANALYSIS

■ We begin by emphasizing that Hardesty made only a very vague offer of proof to the magistrate as to exactly what Hardesty's expert would be asked to testify to. Hardesty indicated that the expert would testify that the standard partition ratio used to convert breath alcohol concentration to blood alcohol concentration is not accurate for some individuals. On appeal, Hardesty also argues that a toxicologist should be allowed to testify in general terms about the inaccuracy of breath testing. However, apart from his challenge to the accuracy of the partition ratio, Hardesty made no offer of proof of sufficient specificity below to enable this Court to address the admissibility of the evidence to which he now alludes. Therefore, we will address only the admissibility of evidence regarding the variability of the partition ratio among individuals.

Prior to the adoption of so-called *per se* breath-alcohol statutes, Idaho's DUI statute and statutes of several other states made it illegal for a person to operate a motor vehicle only while having a *blood* alcohol concentration of a certain percent of alcohol, by weight, in the person's blood. *See* 1985 Idaho Sess. Laws, ch. 142 § 1, p. 386; *Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121, 124 (1983); *People v. Lepine,* 215 Cal. App.3d 91, 263 Cal.Rptr. 543, 544 (1989); *State v. Lowther,* 7 Haw.App. 20, 740 P.2d 1017, 1018 (1987); *State v. Downie,* 117 N.J. 450, 569 A.2d 242, 242 (1990); *State v. Allen,* 104 Or.App. 622, 802 P.2d 690, 692 (1990).

In these states, a person's *blood* alcohol concentration could generally be measured by blood, breath or urine. If measured by breath, it was necessary to convert the breath alcohol concentration to a blood alcohol concentration by utilizing a partition ratio

in order to determine whether the person had violated the particular DUI statute. *See Fuenning*, 680 P.2d at 124. In every jurisdiction where breath testing was employed, the partition ratio was 2100:1—meaning that for every molecule of alcohol in the breath there was presumed to be 2,100 molecules of alcohol in the blood.[1] *See, e.g., State v. McManus*, 152 Wis.2d 113, 447 N.W.2d 654, 656 (1989); David Polin, *Challenges to Use of Breath Tests for Drunk Drivers Based on Claim That Partition or Conversion Ratio Between Measured Breath Alcohol and Actual Blood Alcohol is Inaccurate*, 90 A.L.R.4th 155, 160 (1991). Evidence regarding the general reliability of breath testing devices and the variability of the standard partition ratio was admissible to challenge whether a defendant's blood alcohol concentration did in fact exceed the statutory limit. *See Lepine*, 263 Cal.Rptr. at 549; *Lowther*, 740 P.2d at 1020; *see also State v. Robitaille*, 151 Vt. 380, 561 A.2d 412, 414 (1989).

In response to these challenges, several states, including Idaho, amended their DUI statutes to eliminate the need for conversion of a breath alcohol concentration to a blood alcohol concentration by statutorily defining driving under the influence in terms of the concentration of alcohol found in a person's *breath* when breath analysis is used. Idaho's statute, I.C. § 18–8004(1)(a), was amended in 1987 and now reads:

> It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or who has an alcohol concentration of 0.08, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state ...

Thus, the legislature eliminated the language requiring an analysis of alcohol, by weight, in a person's blood. Driving under the influence is no longer statutorily defined solely in terms of blood alcohol concentration. Driving under the influence is now defined in

terms of an alcohol concentration above the statutory limit of .08 percent as found in either a person's blood, breath, or urine. Idaho Code Section 18–8004(4) provides:

> For purposes of this chapter, an evidentiary test for alcohol concentration shall be based upon a formula of grams of alcohol per one hundred (100) cubic centimeters of blood, per two hundred ten (210) liters of breath or sixty-seven (67) milliliters of urine.

 Under the language of Idaho's amended DUI statute, therefore, a breath alcohol concentration above the proscribed limit of .08 percent is a *per se* violation of the statute regardless of blood alcohol content. Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App. 2001). The language of the statute is to be given its plain, obvious, and rational meaning. *Id.* Accordingly, conversion from breath alcohol concentration to blood alcohol content is unnecessary, and a person's blood alcohol content is no longer of sole legal consequence. Hardesty's evidence regarding the variability of the standard partition ratio is thus irrelevant. Under I.R.E. 402, evidence that is not relevant is not admissible. Other courts interpreting DUI statutes that, like Idaho's, define driving under the influence in terms of a breath alcohol concentration in excess of the statutory limit have also held that evidence of the variability of the 2100:1 partition ratio is irrelevant and, therefore, inadmissible. *See Cooley v. Anchorage*, 649 P.2d 251, 254 n. 6 (Alaska Ct.App.1982); *Ireland*, 39 Cal.Rptr.2d at 876; *Brayman*, 751 P.2d at 298–99; *McManus*, 447 N.W.2d at 657.

Hardesty attempts to avoid this result by citing two Idaho cases, which he claims entitle him to challenge the partition ratio used by breath testing instruments. First, Hardesty cites *State v. Hopkins*, 113 Idaho 679,

---

1. Experts generally agree that the standard 2100:1 partition ratio varies from individual to individual and that an individual's partition ratio can even vary depending on the circumstances present at the time the breath test is administered. *See People v. Ireland*, 33 Cal.App.4th 680, 39 Cal.Rptr.2d 870, 874 (1995); *Downie*, 569 A.2d at 246–47; *State v. Brayman*, 110 Wash.2d 183, 751 P.2d 294, 297 (1988).

747 P.2d 88 (Ct.App.1987). In *Hopkins,* the defendant was charged with DUI after a breath test showed he had a blood alcohol concentration of .16 percent. On appeal, the sole issue before this Court was whether the magistrate abused its discretion in refusing to accept a defense witness as a qualified expert on the Intoximeter 3000. This Court held that the reliability of the Intoximeter 3000 had been sufficiently recognized such that it was unnecessary for the state to introduce expert testimony on the machine's design and methodology in order to establish a foundation for evidence of a blood alcohol concentration test result. However, in dicta, this Court stated that the unreliability of the scientific methodology underlying the design on the Intoximeter 3000, as well as whether the particular machine used to test the defendant's breath was functioning properly, were both challenges that could be maintained. This Court ultimately held that the witness was qualified as an expert and reversed the magistrate's decision.

Here, Hardesty's reliance on *Hopkins* for the proposition that expert testimony regarding the variability of the partition ratio is admissible is misplaced. Under *Hopkins,* Hardesty would be entitled to challenge the scientific methodology underlying the design of the Intoxilyzer 5000 so far as it measured Hardesty's breath alcohol concentration. Therefore, as the district court concluded, Hardesty could challenge whether the Intoxilyzer 5000 accurately measured his breath alcohol concentration at the time Hardesty's breath test was administered. In addition, Hardesty could challenge whether the particular instrument used to measure his breath alcohol concentration was working properly at the time of his breath test and whether his breath test was administered correctly. However, *Hopkins* does not stand for the broad proposition that Hardesty was entitled to challenge the accuracy of the standard partition ratio.

Second, Hardesty cites *State v. Pressnall,* 119 Idaho 207, 804 P.2d 936 (Ct.App.1991). In *Pressnall,* the defendant was charged with DUI. At trial, the defendant testified that during a six-hour period, he consumed approximately seven beers and two shots of tequila. The defendant's breath alcohol content was measured by an Intoximeter 3000 approximately five and one-half hours later and showed a breath alcohol content of .15 percent and .17 percent. The defendant's expert testified that, after drinking the amount of alcohol the defendant claimed to have consumed, a man of the defendant's height and weight would have had a blood alcohol content of between .05 percent and .09 percent. Through an offer of proof, the defendant indicated that his expert would further testify that the defendant's blood alcohol level was related to the alcohol content of his breath. The defendant sought to establish through the expert's testimony that that his alcohol content could not have been .10 percent or more, implying that the results of the Intoximeter 3000 were inaccurate. The district court ruled that any evidence concerning the defendant's blood alcohol content, or its relationship to the level of alcohol present in the defendant's breath, was irrelevant to the question of whether the defendant's breath alcohol content exceeded the statutory limit, and excluded the testimony.

On appeal, this Court held that a defendant charged with DUI by proof of excessive alcohol content was entitled to offer any competent evidence tending to impeach the results of the evidentiary tests admitted. Thus, this Court held that in a prosecution for DUI while having an alcohol content of .10 percent or more as shown by analysis of blood, breath or urine, evidence of a contradictory alcohol content, otherwise proper, was admissible for the purpose of impeaching the results of the evidentiary tests submitted by the state. The probative value of such evidence was left to the jury. This Court further held that once a breath test result had been admitted into evidence, the reliability and performance of the given machine was subject to challenge and that the reliability of the process utilized may also be challenged.

Here, Hardesty's application of *Pressnall* is overbroad. As the district court noted in its intermediate appellate decision, the defendant in *Pressnall* sought to impeach the accuracy of his *specific* breath test result with evidence that his *own* blood alcohol content

was different than his breath alcohol content. The district court's ruling in this case also provides for such a challenge. Here, however, Hardesty also sought to introduce expert testimony regarding the inaccuracy of the standard partition ratio as it relates to some individuals. Like this Court's holding in *Hopkins,* the holding in *Pressnall* did not entitle Hardesty to maintain such a challenge through expert testimony.[2]

Hardesty's argument is, in effect, a challenge to the legislature's formula for determining the proscribed alcohol concentration in a person's breath. Hardesty claims that this formula is a variation of the standard 2100:1 partition ratio used by breath testing devices and that he should not be prevented from introducing expert testimony regarding the variability of the standard partition ratio based on the statutory definition of driving under the influence. This is a challenge to what the legislature has determined to be an element of the crime of DUI. It is uniformly held that the power to define crime and fix punishment rests with the legislature and that the legislature has great latitude in the exercise of that power. *Malloroy v. State,* 91 Idaho 914, 915, 435 P.2d 254, 255 (1967); *see also State v. Lesley,* 133 Idaho 23, 26, 981 P.2d 748, 751 (Ct.App.1999). We conclude, as did the district court, that allowing Hardesty's expert to testify regarding the variability of the standard partition ratio would be speculative as it related to Hardesty. Thus, we hold that Hardesty's evidence challenging the accuracy of the standard partition ratio was inadmissible and, therefore, the magistrate erred.[3]

## IV.

## CONCLUSION

Under I.C. § 18-8004, Hardesty's proffered evidence of the variability of the standard 2100:1 partition ratio is irrelevant because a breath alcohol concentration above the prescribed limit of .08 percent is a per se violation of the statute regardless of blood alcohol content. Therefore, we hold that the magistrate erred by granting Hardesty's motion to introduce evidence regarding the variability of the standard partition ratio because such evidence was irrelevant and inadmissible. The district court's intermediate appellate decision reversing the magistrate's order is affirmed.

Judge LANSING and Judge Pro Tem SCHILLING concur.

**2.** We note that, although a person's blood alcohol content is irrelevant to whether there has been a violation of the prohibition against driving with a breath alcohol concentration above .08 found in I.C. § 18-8004, our holding does not preclude a person charged with DUI from introducing a contradictory blood or urine alcohol concentration test result taken at the time as impeachment towards the accuracy of his or her individual breath test result. Thus, our holding in this case should not be read to be inconsistent with the holding in *Pressnall* in that regard.

**3.** Hardesty also relies on out-of-state cases to support his claim that evidence challenging the partition ratio's accuracy was admissible. However, the courts in the cases relied upon by Hardesty were interpreting statutes that defined DUI solely in terms of blood alcohol concentration. Those courts did not consider the effect a per se breath alcohol statute might have on the admissibility of evidence regarding the variability of the standard partition ratio. *See generally Fuenning,* 680 P.2d 121; *State v. Gates,* 7 Haw. App. 440, 777 P.2d 717 (1989); *People v. Brown,* 143 Misc.2d 270, 540 N.Y.S.2d 650 (N.Y.Crim.Ct. 1989); *State v. Johnson,* 717 S.W.2d 298 (Tenn. Crim.App.1986).