**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42641**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 705** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 10, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GARRITT NICHOLS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. F. Randall Kline, Magistrate.

Intermediate appellate decision affirming order granting motion in limine, affirmed.

Tera Harden, Chief Canyon County Public Defender; David Smethers, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Garritt Nichols appeals from the district court's intermediate appellate decision affirming the magistrate court's order granting the State's motion in limine. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Nichols lost control of his vehicle, overcorrected, and rolled it into a ditch. Nichols left the vehicle and walked to a nearby home to ask for help. The resident told law enforcement that Nichols appeared to be highly intoxicated and that he passed out in the back of her vehicle while she drove him to the scene of the accident. Paramedics responded and Nichols was transported to a hospital where his blood was drawn showing a blood alcohol concentration of .08. Nichols

1

was charged with misdemeanor driving under the influence pursuant to Idaho Code § 18-8004, and the State filed a motion in limine to prohibit Nichols from:

> (1) calling any expert witnesses or eliciting any testimony from the State's witnesses regarding the measurement of uncertainty or margin of error on the blood test, (2) arguing or mentioning the measurement of uncertainty in any way at trial, (3) calling any expert witness or eliciting testimony from the State's witness regarding any alleged rising blood alcohol content, (4) arguing or mentioning rising blood alcohol content in [any] way at trial, and (5) arguing or mentioning that the State cannot prove the Defendant's alcohol concentration at the time he was driving.

The magistrate granted the State's motion in limine. Nichols entered a conditional guilty plea, reserving his right to appeal. Nichols appealed to the district court. The district court, sitting in its intermediate appellate capacity, affirmed the magistrate court's decision on the motion in limine.

## II.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court:

> The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). Thus, the appellate courts do not review the decision of the magistrate court. *Bailey*, 153 Idaho at 529, 284 P.3d at 973. Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009).

Nichols claims the State failed to give notice that it was proceeding on a per se basis, and therefore may only proceed under the impairment theory. Nichols argues that under the impairment theory, evidence challenging the accuracy and reliability of testing procedures is relevant. He further asserts that the evidence is also relevant to his prosecution for driving under the influence, even under the per se theory. Finally, he contends that exclusion of that evidence violates his due process rights.

2

Nichols claims that the State's charging documents failed to specify that the State was proceeding on a per se basis for the charge of driving under the influence. Nichols reasons that the State's failure to provide such notice required the State to proceed under the impairment theory. He concludes that under that theory, evidence challenging the general reliability of blood alcohol concentration tests is admissible. We disagree with his first contention, and thus have no reason to analyze the others. Idaho Code § 18-8004 establishes one crime with two ways of proving a violation, the impairment theory and the per se theory. *State v. Garrett*, 119 Idaho 878, 881-82, 811 P.2d 488, 491-92 (1991); *State v. Knoll*, 110 Idaho 678, 682, 718 P.2d 589, 593 (Ct. App. 1986). The impairment theory requires the State to show that under the totality of the evidence the defendant was driving under the influence. The per se theory requires the State only to establish that the defendant had an alcohol concentration of .08 or above, as shown by analysis of blood, breath, or urine. *State v. Robinett*, 141 Idaho 110, 112, 106 P.3d 436, 438 (2005). The State may proceed against the defendant under either or both theories, and evidence that is relevant under one theory of proof is not necessarily relevant under the other. *Id.*

Here, the State charged Nichols with misdemeanor driving under the influence and specified in the charging documents that Nichols "did drive and/or was in actual physical control of a motor vehicle . . . while under the influence of drugs and/or alcohol and/or with an alcohol concentration of .08 or more as shown by analysis of the Defendant's blood." The State clearly included the per se theory. Thus, the State provided adequate notice of its intent to proceed on a per se basis and submit evidence that Nichols' blood alcohol concentration was .08 or more. Because the State did notify Nichols of the intent to use the per se theory, it is unnecessary to analyze whether the evidence excluded in the motion in limine would be admissible under the impairment theory. Thus, our analysis is limited to the admissibility of such evidence under the per se theory.[1]

Next, Nichols claims that evidence challenging the general reliability of blood alcohol concentration tests is relevant even under the per se theory. The magistrate granted the State's motion in limine and the district court, sitting in its intermediate appellate capacity, affirmed the magistrate's finding that evidence attacking the general reliability of blood alcohol testing is

---

[1] Furthermore, we note that this issue was never raised on intermediate appeal, and where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003).

irrelevant. We agree. Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401; *see also Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

The State charged Nichols with driving under the influence. Idaho Code § 18-8004(1)(a) states:

> It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or any combination of alcohol, drugs and/or any other intoxicating substances, or who has an alcohol concentration of 0.08, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

Subsection four states that "an evidentiary test for alcohol concentration shall be based upon a formula of grams of alcohol per one hundred (100) cubic centimeters of blood, per two hundred ten (210) liters of breath or sixty-seven (67) milliliters of urine." I.C. § 18-8004(4). Since I.C. § 18-8004 was amended in 1987, the standard for proceeding on a per se basis has changed:

> [It] is no longer the concentration of alcohol in the driver's blood. It is simply the alcohol concentration shown by an approved and properly administered test of the driver's breath, blood, or urine. Because the actual alcohol concentration in the driver's blood is no longer the standard, the testing machine's margin of error is irrelevant.

*Elias-Cruz v. Idaho Dep't of Transp.*, 153 Idaho 200, 205-06, 280 P.3d 703, 708-09 (2012); *State v. Roach*, 157 Idaho 551, 554, 337 P.3d 1280, 1283 (Ct. App. 2014).

Nichols is not attempting to challenge the blood draw process to establish that it did not accurately measure his blood alcohol concentration in the sample taken. Nichols only argues that he is entitled to challenge the general reliability and accuracy of blood draws. But the Idaho Supreme Court has previously held that evidence is irrelevant if it challenges the general reliability of an approved and properly administered test of a driver's breath, blood, or urine. *Elias-Cruz*, 153 Idaho at 205-06, 280 P.3d at 708-09. The Court has specifically held that

4

evidence is irrelevant under the per se theory if it regards: measurement of uncertainty, margin of error, and rising and dissipating blood alcohol content in relation to the State's inability to prove the defendant's actual alcohol concentration at the time he was driving. *Elias-Cruz*, 153 Idaho at 203, 280 P.3d at 706; *Robinett*, 141 Idaho at 112, 106 P.3d at 438. Evidence that is not relevant is not admissible. I.R.E. 402.

The State's motion in limine sought to exclude evidence of blood alcohol testing margin of error, measurement of uncertainty, rising blood alcohol content, and mentioning that the State cannot prove Nichols' alcohol concentration at the time he was driving. This information does not relate to whether an individual violated the per se DUI offense, which simply requires that the blood test yielded a result above the per se limit. Therefore, evidence generally attacking the validity of blood testing is irrelevant and inadmissible.

It is also well established that a defendant may challenge an alcohol concentration test insofar as whether it measured the defendant's alcohol concentration, whether the particular device was working properly at the time of the breath test, and whether the breath test was properly administered. *State v. Tomlinson*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Apr. 7, 2015).[2] Here, the State's motion in limine did not seek to limit evidence challenging the margin of error, uncertainty of measurement, or reliability and accuracy of the specific blood draw performed on Nichols.

Finally, Nichols argues that the motion in limine excludes relevant evidence in violation of his Sixth and Fourteenth Amendment right to due process. Specifically, Nichols contends that because *Elias-Cruz* was a civil case, its holding is inapplicable in a criminal case because the standard is higher in the criminal context--guilt beyond a reasonable doubt. He alleges that the exclusion of evidence denies him a meaningful opportunity to present a complete defense. Yet, this Court previously extended the ruling in *Elias-Cruz* to the criminal context. *Roach*, 157

---

[2]     *See also State v. Alford*, 139 Idaho 595, 598, 83 P.3d 139, 142 (Ct. App. 2004) (failure of defendant to put forth any evidence demonstrating the reliability of a specific breathalyzer); *State v. Hardesty*, 136 Idaho 707, 710, 39 P.3d 647, 650 (Ct. App. 2002) (introducing a contradictory blood or urine alcohol concentration test to impeach the accuracy of an individual's breath test result is relevant evidence); *State v. Hopkins*, 113 Idaho 679, 680, 747 P.2d 88, 89 (Ct. App. 1987) (challenging whether the particular instrument used to measure his breath alcohol concentration was working properly at the time of the test and whether the test was administered correctly is acceptable).

Idaho at 554-56, 337 P.3d at 1283-85. In *Roach*, this Court followed the guidance offered by the Idaho Supreme Court in *Elias-Cruz*, which specifically examined the legislative history of I.C. § 18-8004, the statute at issue here. *Elias-Cruz*, 153 Idaho at 203-04, 280 P.3d at 706-07.[3] The Court held that under that statute, general challenges to the reliability and accuracy of the approved testing methods is irrelevant, and a defendant does not have a constitutional right to submit irrelevant evidence. *Id.* at 205, 280 P.3d at 708; *Roach*, 157 Idaho at 556, 337 P.3d at 1285. Thus, the magistrate's order granting the State's motion in limine did not exclude relevant evidence in violation of Nichols' Sixth and Fourteenth Amendment rights to due process.

## III.

## CONCLUSION

The magistrate properly granted the State's motion in limine, finding that evidence attacking the general reliability of blood alcohol testing is irrelevant. Therefore, the district court's intermediate appellate decision affirming the magistrate court's order granting the State's motion in limine is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

---

[3]     [A]fter the 1987 amendment, a per se violation of the statute no longer need be based upon showing "a determination of the percent by weight of alcohol concentration in blood." . . .

. . . [A] violation can be shown simply by the results of a test for alcohol concentration that complies with the statutory requirements. With that change, the margin of error in the testing equipment is irrelevant. The equipment need not precisely measure the alcohol concentration in the person's blood. The test need only be based upon the correct formula, and the equipment must be properly approved and certified.

*Elias-Cruz v. Idaho Dep't of Transp.*, 153 Idaho 200, 204, 280 P.3d 703, 707 (2012).