# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44011

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JONATHAN ALAN HILL,

    Defendant-Appellant.

Boise, September 2016 Term

2016 Opinion No. 135

Filed: November 23, 2016

Stephen Kenyon, Clerk

_____

Appeal from the District Court of the Second Judicial District of the State of Idaho, Nez Perce County.  Hon. Jay P. Gaskill, District Judge.

The judgment of conviction is <u>vacated</u> and the case is <u>remanded</u> for a new trial.

Eric Fredericksen, State Appellate Public Defender, Boise, for appellant.   Maya Waldron argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.  Kenneth K. Jorgensen argued.

_____

HORTON, Justice.

Jonathan Hill appeals from his conviction for felony driving under the influence (DUI). His appeal presents a single question. Over Hill's unsuccessful hearsay objection, the deputy sheriff who conducted field sobriety tests (FSTs) of Hill was permitted to testify as to what he had been taught regarding the presence of vertical nystagmus. Hill's appeal challenges this evidentiary ruling by the district court. We vacate Hill's conviction and remand for a new trial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the evening of January 10, 2014, the Nez Perce County Sheriff's Office received a call about a large party of juveniles in the Waha area. As this is a large area that stretches into Lewis County, the Lewis County Sheriff's Office was alerted and deputies from both Nez Perce County and Lewis County responded. Due to poor road conditions, the Lewis County deputies accessed the area through Nez Perce County. While in Nez Perce County, Deputies Davis and Smith of the Lewis County Sheriff's Department saw a pickup driving without taillights. After

1

contacting Sergeant Martin of Nez Perce County for instructions, the Lewis County deputies stopped the vehicle.

Hill was driving the pickup. While speaking with Hill about the reason for the stop, Deputy Smith noticed an odor of alcohol coming from the vehicle and observed that Hill's eyes were bloodshot and glassy. Suspecting that Hill had been drinking, Deputy Smith contacted Sergeant Martin for further instructions. Sergeant Martin, who was on his way but delayed by the poor road conditions, instructed Deputy Smith to perform FSTs.

Deputy Smith had Hill perform three FSTs. Hill was wearing insulated overalls, a winter coat, and steel-toed boots. The tests were performed in the roadway, which had a slight downhill grade and was covered in snow. Deputy Smith administered the horizontal gaze nystagmus (HGN) test, the walk and turn test, and the one-leg stand test. At the time, Lewis County Sheriff deputies did not have operating dash cams in their vehicles so there is no video record of Hill's performance of the tests. Deputy Smith testified that Hill exhibited nystagmus and failed to correctly perform the other two FSTs. Deputy Smith determined that Hill was impaired and detained him for Sergeant Martin.

Sergeant Martin arrived at the scene, took custody of Hill, and placed him in the back of his patrol car. Before Sergeant Martin arrived, Deputy Smith had begun the fifteen minute observation period required before administering a breath test. After taking custody of Hill, Sergeant Martin observed Hill for the remainder of the observation period. After a total of fifteen minutes had passed, Sergeant Martin asked Hill to take a breath test on a Lifeloc portable breath testing machine. Hill refused, stating that he felt the manner in which the FSTs were administered was not fair. Following this refusal, Hill was arrested for DUI and transported to the Nez Perce County Jail.

Hill was convicted of felony DUI following a jury trial held on August 25 and 26, 2014. At trial, Deputy Smith testified about Hill's performance of the FSTs. During the State's direct examination of Deputy Smith regarding the HGN test, the following exchange took place:

> Deputy Smith: And if they have vertical nystagmus, we were taught in the academy that it's generally an indication –
>
> Defense Counsel: Objection. Hearsay
>
> The Court: Overruled. You can continue. You can continue, I'm sorry.

2

Deputy Smith: Okay. We are taught in the academy that if – if it's vertical nystagmus, it's generally an indicator of over a certain level, which is generally .10, is what I was taught.

Deputy Smith also testified regarding Hill's performance of each of the other FSTs. Sergeant Martin did not conduct any FSTs, but testified that Hill smelled of alcohol and had bloodshot eyes. Both Deputy Smith and Sergeant Martin testified that their opinions were that Hill was intoxicated that night.

After the State rested, the defense called four witnesses who had been with Hill earlier that night. Hill had been four-wheeling with a group of friends in the snow. The defense witnesses all testified that they had not seen Hill drinking. Chyna Schertenleib, who was riding with Hill, testified that she had mixed Sprite into a half-full bottle of Pendleton whiskey earlier in the evening. She testified that the vehicle bouncing around while four-wheeling resulted in the bottle containing the mixture of whiskey and soda "exploding," spraying the mixture through the cab of the pickup and soaking the clothing of its two occupants.

During the State's closing argument, the prosecutor referred to Deputy Smith's testimony regarding the HGN test, reminding the jury that "the officer told you what vertical nystagmus means. And he testified that it meant that the defendant had over a .10 blood alcohol content." Hill did not object to any part of the prosecutor's closing argument. The jury found Hill guilty of DUI. After a brief second phase of the trial, the jury further found that Hill had previously pled guilty to a felony DUI within the preceding fifteen years. On October 14, 2014, the district court sentenced Hill to serve ten years, with three years fixed, and retained jurisdiction. Hill timely appealed.

Hill's appeal was initially decided by the Court of Appeals. Hill contended that the trial court had abused its discretion by admitting Deputy Smith's hearsay testimony regarding what he had been taught about the presence of vertical nystagmus and that the prosecutor had engaged in misconduct by eliciting inadmissible evidence, which constituted fundamental error. The Court of Appeals affirmed Hill's conviction, holding that the district court had abused its discretion by admitting Deputy Smith's testimony, but finding the error to be harmless. The Court of Appeals further held that the claimed prosecutorial misconduct did not constitute fundamental error.

Hill timely petitioned this Court for review. We granted that petition.

## II. STANDARD OF REVIEW

3

"While this Court gives serious consideration to the views of the Idaho Court of Appeals when considering a case on review from that court, it reviews the district court's decision directly." *State v. Watkins*, 148 Idaho 418, 420, 224 P.3d 485, 487 (2009) (citing *Mattoon v. Blades*, 145 Idaho 634, 636, 181 P.3d 1242, 1244 (2008)).

"The trial court's judgment concerning admission of evidence shall 'only be disturbed on appeal when there has been a clear abuse of discretion.' " *State v. Perry*, 150 Idaho 209, 218, 245 P.3d 961, 970 (2010) (quoting *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992)). This Court considers three questions when determining whether a trial court has abused its discretion:

> (1) [W]hether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason.

*Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991). "[T]he interpretation of a rule of evidence, like the interpretation of a statute, is reviewed de novo." *State v. Moore*, 131 Idaho 814, 821, 965 P.2d 174, 181 (1998).

### III. ANALYSIS

Hill argues that the district court erred when it overruled his hearsay objection and admitted the testimony of Deputy Smith. Hill also argues that the prosecutor committed misconduct that amounts to fundamental error by eliciting testimony from Deputy Smith which correlated nystagmus with a specific blood alcohol concentration (BAC). Because the first issue is dispositive, we address only the evidentiary issue.

At trial, the State called Deputy Smith to testify about the FSTs he administered to Hill. As previously noted, after the district court overruled Hill's hearsay objection Deputy Smith testified about what he learned regarding the HGN test while attending the police academy.[1] Deputy Smith was thus permitted to testify that "[w]e are taught in the academy that if – if it's vertical nystagmus, it's generally an indicator of over a certain level, which is generally .10, is what I was taught."

---

[1] The State's briefing refers to the academy as "POST," which we understand to be a reference to the Idaho Peace Officer Standards and Training (POST) Training Academy. Deputy Smith did not testify which police academy he attended. He testified that he possessed a "basic patrol certificate" in Idaho that he had received after attending "the academy for about ten weeks" for "all the duties that you're going to need to do during your law enforcement career." The training included "a 30- to 40-hour course on FSTs."

Hill argues that the district court abused its discretion in admitting this testimony over his objection because the statement is inadmissible hearsay and that such testimony is specifically prohibited by prior decisions of this Court. The State responds that the statement was offered to provide context and not for the truth of the matter asserted and is not hearsay. The State further argues that even if the statement was hearsay it was admissible under Idaho Rule of Evidence 702.

### 1. Deputy Smith's testimony was hearsay because it was offered for the truth of the matter asserted.

The Idaho Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." I.R.E. 801(c). Hearsay evidence is generally inadmissible unless it falls within an exception provided by the rules of evidence or another rule promulgated by this Court. I.R.E. 802.

There are two requirements for a statement to be considered hearsay. I.R.E. 801(c). First, the statement must be made by the declarant out of court, and second, it must be offered to prove the truth of the matter asserted. *Id.* In this case, neither party disputes that Deputy Smith was recounting an out of court statement made by an unidentified police academy instructor. The issue is whether the contents of the out of court statement was offered to prove the truth of the matter asserted or for some other legitimate reason.

A statement will not be considered hearsay if it is being offered for a purpose other than to prove the truth of the matter asserted. *See, e.g.*, *State v. Seigel*, 137 Idaho 538, 540, 50 P.3d 1033, 1035 (Ct. App. 2002). To show that a statement is not offered for the truth of the matter asserted, the party arguing for the admission must show that the statement will be relevant to an issue in the case without regard for its truthfulness. *State v. Davis*, 155 Idaho 216, 219, 307 P.3d 1242, 1245 (Ct. App. 2013); Idaho Trial Handbook § 19:4 (2d ed.). If the relevance of the statement is dependent on the statement being true, it will be considered hearsay. *Davis*, 155 Idaho at 219, 307 P.3d at 1245.

In *State v. Seigel*, the Court of Appeals found that an out of court statement was not offered for the truth of the matter asserted when a statement was offered for context. 137 Idaho at 540, 50 P.3d at 1035. In *Seigel*, an elderly defendant was on trial for lewd and lascivious conduct with a minor. *Id.* at 539, 50 P.3d at 1034. At trial, the prosecutor presented testimony from the defendant's son about a telephone conversation he had with the defendant. *Id.* at 540, 50 P.3d at

5

1035. During the conversation, the defendant's son accused him of having improper sexual conduct with a minor. *Id.* In response, the defendant admitted that the conduct had occurred, but claimed that it had been an accident. *Id.* At trial, the defendant moved to exclude his son's accusation as hearsay. *Id.* The district court overruled the objection and the Court of Appeals upheld the district court's decision, holding that the testimony regarding the accusation could be used to give context to the defendant's admission. *Id.* at 541, 50 P.3d at 1036. Because the accusation was relevant to provide context for the defendant's statement, regardless of the truth of the accusation, the Court of Appeals found that the statement was not hearsay. *Id.*

In this case, the State argues that the statement was not offered to prove the truth of the matter asserted but only to supply context. However, unlike the statement in *Seigel*, the only conceivable relevance of the statement is directly tied to its truth.[2] While in *Seigel*, the statement provided context for a resulting admission, the statement here was used to show that Hill had a blood alcohol concentration of at least .10. The State's argument on appeal that the statement was only offered to provide context is belied by the purpose for which the prosecutor used it in her closing argument, as the only reference in the prosecutor's closing argument to Deputy Smith's observation of vertical nystagmus was that "it meant that the defendant had over a .10 blood alcohol content." The testimony was hearsay.

### 2. Even if the testimony was relied upon for the basis of an expert opinion, it was improper to disclose the facts upon which Deputy Smith based his opinion.

Because we find that Deputy Smith's testimony regarding what he had been taught about the significance of vertical nystagmus was hearsay, it was inadmissible unless this Court has created an exception by court rule. I.R.E. 802. The State argues that even if the testimony contained hearsay, it was admissible under Idaho Rule of Evidence 702 as the basis for an expert opinion. Although the State cites Idaho Rule of Evidence 702, we presume that it meant to cite to Rule 703. Idaho Rule of Evidence 703 permits expert witnesses to base their opinions on facts

---

[2] We note that the information charged Hill with a violation of Idaho Code section 18-8004 by driving under the influence of alcohol rather than driving with an alcohol concentration of .08 or higher. Idaho Code section 18-8004 establishes one crime with two ways of proving a violation, the impairment theory and the per se theory. *State v. Garrett*, 119 Idaho 878, 881–82, 811 P.2d 488, 491–92 (1991). The impairment theory requires the State to show that under the totality of the evidence the defendant was driving under the influence. The per se theory requires the State only to establish that the defendant had an alcohol concentration of .08 or above, as shown by analysis of blood, breath, or urine. *State v. Robinett*, 141 Idaho 110, 112, 106 P.3d 436, 438 (2005). In *Robinett*, this Court held that "a numerical BAC test result is relevant to a prosecution for driving under the influence (as opposed to a per se violation) only if a proper foundation is laid to assure the validity of the test result, including evidence extrapolating the result back to the time of the alleged offense." *Id.*

6

that are generally inadmissible at trial as long as it is the type of fact that is generally relied upon by experts in that field. I.R.E. 703. While the rule allows for experts to base their opinions on inadmissible facts, it places a restriction on disclosure of those facts to the jury. *Id.* The rule explicitly provides that such facts "shall not be disclosed to the jury by the proponent of the opinion . . . unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." *Id.*

For purposes of this appeal, we accept—but do not decide—the proposition that Deputy Smith was testifying as an expert in the administration of the HGN test. *See State v. Garrett*, 119 Idaho 878, 883, 811 P.2d 488, 493 (1991) ("Qualifying police officers as experts on the administration of the HGN test is a simple matter…."). Although Rule 703 permitted Deputy Smith to rely on the instruction he had received at the police academy as to the significance of vertical nystagmus when forming his opinion that Hill was under the influence of alcohol, Rule 703 did not permit that information to be disclosed to the jury in the absence of a ruling that its probative value substantially outweighed its prejudicial effect.

Because the trial court permitted introduction of this hearsay evidence without determining that its probative value substantially outweighed the prejudicial effect, the trial court's decision was inconsistent with the legal standards applicable to the choices available to it. For that reason, we hold that the district court abused its discretion by overruling Hill's hearsay objection.

### 3. The State failed to meet its burden to show harmless error beyond a reasonable doubt because it failed to raise the issue in its brief.

The State's reply brief is silent as to the effect, if any, of the district court's error in admitting Deputy Smith's testimony regarding what he had been taught about the significance of vertical nystagmus. Thus, the State has failed to meet its burden of proving the error to be harmless beyond a reasonable doubt.

Idaho Rule of Criminal Procedure 52 provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." I.C.R. 52. When this Court finds an error which the appellant objected to at trial, the Court reviews it under the harmless error test. *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010). In *Perry*, this Court adopted the harmless error test articulated in *Chapman v. California*, 386 U.S. 18 (1967). *Id.* "Under the *Chapman* harmless error analysis, where a constitutional violation occurs at trial, and is followed by a contemporaneous objection, a reversal is necessitated, *unless* the State

7

proves 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " *Id.* at 221, 245 P.3d at 973 (emphasis in original) (quoting *Chapman*, 386 U.S. at 24.).

The State fails to meet its burden of proving harmless error if it does not address the subject in its briefing. *State v. Almaraz*, 154 Idaho 584, 598–99, 301 P.3d 242, 256–57 (2013). Because we find that the district court abused its discretion in admitting Deputy Smith's testimony and the State failed to address the issue in its brief, we must vacate Hill's conviction and remand for a new trial.

## IV. CONCLUSION

We vacate Hill's judgment of conviction and remand for a new trial.

Chief Justice J. JONES and Justices EISMANN, BURDICK and W. JONES, **CONCUR**.