# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44276

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JUSTIN KEITH AUSTIN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Boise, December 2017 Term

2018 Opinion No. 20

Filed: March 6, 2018

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Michael Reardon, District Judge.

The district court's judgment of conviction is <u>vacated</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Reed Anderson argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Theodore S. Tollefson argued.

———————————

BRODY, Justice

This case addresses whether a defendant accused of DUI can present expert testimony regarding his alcohol concentration at the time he was driving. In April 2015, an Ada County Sheriff's Deputy pulled Justin Keith Austin over for failure to use a turn signal. During the stop, the deputy detected the smell of alcohol, and Austin's appearance further led the deputy to believe he was driving under the influence. After performing a field sobriety test, he arrested Austin and approximately thirty minutes after the initial stop conducted two breath tests that demonstrated alcohol concentrations above Idaho's legal limit. Austin claimed that his consumption of three drinks in a short period of time just before the stop contributed to a rising alcohol concentration as he waited for the breath tests, and sought to introduce expert testimony to that effect. The district court granted the State's motion in limine to exclude expert testimony as to his actual alcohol concentration as irrelevant under the DUI statute's "per se" provision as interpreted by Idaho precedent. On appeal, Austin challenges the decision to grant the State's

motion, and alternatively challenges the DUI statute as overbroad or void for vagueness where there is no time limit within which approved alcohol concentration testing must be done to be used as evidence of a crime. The district court did precisely what it is required to do when confronted with the motion in limine. It applied binding case law to grant the motion in limine. We now clarify the law and are compelled to hold that the district court's decision to grant the State's motion in limine constituted an abuse of discretion because it was not consistent with the legal standard we now clarify. We vacate the judgment of conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Just after midnight on April 5, 2015, Ada County Sheriff's Deputy Richardson observed a vehicle make a left-hand turn to exit a service station without using a turn signal so he conducted a traffic stop. Upon contacting the driver, Justin Keith Austin, Deputy Richardson observed "bloodshot, glassy eyes and a strong odor of alcohol coming out of the vehicle." Austin informed Deputy Richardson that he had recently consumed three alcoholic drinks, and Deputy Richardson then had him perform a field sobriety test. He failed. Deputy Richardson then performed two breath tests on Austin, which showed an alcohol concentration of 0.085 percent for the first test and 0.086 percent for the second. Deputy Richardson conducted the breath tests just over thirty minutes after the initial stop. The State charged Austin under both of Idaho Code section 18-8004's DUI theories: that he drove or was in physical control of a motor vehicle either (1) while under the influence of alcohol or drugs (the "impairment theory"), or (2) with an alcohol concentration of 0.08 percent or more (the "per se theory").

Austin sought to introduce expert testimony demonstrating that his recent and rapid consumption of alcohol just before being pulled over—three drinks immediately before driving—would have resulted in Austin's alcohol concentration rising for the thirty-minute period from when he was pulled over to when he was tested. In essence, his claim was that his alcohol concentration was not over the legal limit at the time he was physically driving. Austin disclosed to the State a letter from his expert Loring Beals, a clinical toxicologist, that stated, "Based on his gender, height and weight (175 lbs) I calculate that at the time he was stopped his alcohol concentration would have been around .06 to .065 rising to the higher level by the time he was actually tested a half hour later." The State filed a motion in limine seeking to exclude any testimony attempting to extrapolate Austin's alcohol concentration at the time he was

2

driving, or any testimony that Austin's alcohol concentration was rising between the traffic stop and the breath test.

On March 9, 2016, the district court held a hearing on the motion. Before trial, on March 14, 2016, the court issued its ruling on the motion, stating that extrapolation evidence was irrelevant to the per se theory under binding Idaho precedent, but that Austin could present this evidence to attempt to rebut the State's impairment theory. Austin decided not to call his expert witness. The jury convicted Austin. He timely appealed.

## II. STANDARD OF REVIEW

The admission of expert testimony is reviewed for abuse of discretion. *State v. Faught*, 127 Idaho 873, 875, 908 P.2d 566, 568 (1995). This Court considers an appeal from a lower court's discretionary decision based on three factors: "(1) whether the trial court correctly perceived the issue as discretionary; (2) whether the trial court acted within the bounds of that discretion and consistent with the applicable legal standards; and (3) whether the trial court reached its determination through an exercise of reason." *State v. Pratt*, 128 Idaho 207, 211, 912 P.2d 94, 98 (1996).

## III. ANALYSIS

**A. The district court abused its discretion when it granted the State's motion in limine to exclude expert extrapolation evidence as irrelevant to a per se DUI violation.**

Austin contends the district court abused its discretion by not applying the applicable legal standards or exercising reason in its decision in this case. He claims that the district court misapplied Idaho precedent by reading the relevant holdings' interpretations of the per se rule as not requiring the State to prove Austin had an alcohol concentration of 0.08 percent while driving, but merely at the time of the test. The State argues that the district court correctly interpreted precedent, which dictates that the only relevant alcohol concentration for a per se violation is that at the time of the test, not when he was driving.

Idaho Code section 18-8004(1)(a) states:

It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or any combination of alcohol, drugs and/or any other intoxicating substances, or who has an alcohol concentration of 0.08, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

Two Idaho cases interpreting this statute primarily informed the district court's decision in this case. First, in June 2012, this Court decided *Elias-Cruz v. Idaho Department of Transportation*, 153 Idaho 200, 280 P.3d 703 (2012). In *Elias-Cruz*, an Idaho State Trooper stopped an underage driver for speeding and subsequently administered breath tests. *Id.* at 201, 280 P.3d at 704. The tests showed an alcohol concentration of 0.021 and 0.020 percent. *Id.* Under Idaho law, an underage driver can have her license suspended for a breath test demonstrating an alcohol concentration of at least 0.02 percent. I.C. § 18-8004(1)(d). Elias-Cruz sought to introduce evidence of the testing equipment's margin of error to prove her actual alcohol concentration could have been under the legal limit. *Elias-Cruz*, 153 Idaho at 202, 280 P.3d at 705. This Court stated:

> Where the prosecution elects to use the per se method, the question is what the alcohol level was at the time the sample was taken. "The lapse of time prior to the extraction of samples goes to the weight to be afforded the test results and not to their admissibility." For that reason, it is appropriate to admit results drawn an hour or more after the alleged offense without having to actually extrapolate the evidence back to the time of the alleged offense.

*Id.* at 203, 280 P.3d at 706 (quoting *State v. Robinett*, 141 Idaho 110, 113, 106 P.3d 436, 439 (2005)). The Court further held that, after the 1987 amendment to the DUI statute, "a violation can be shown simply by the results of a test for alcohol concentration that complies with the statutory requirements." *Id.* at 204, 280 P.3d at 707. The 1987 amendment also defined an "evidentiary test for alcohol concentration," which negated Elias-Cruz's proffered defense—demonstrating the machine's margin of error. *Id.*

The upshot of *Elias-Cruz* and the 1987 amendment was thus a twofold change in how the State could demonstrate a DUI violation under the statute's per se portion: (1) it no longer required the State to determine the level "of alcohol concentration in the blood," and (2) a test that comports with the statutory requirement, irrespective of margin of error, is sufficient to show a violation. *Id.*

Three years later—incidentally, two days after Austin was arrested in this case—the Court of Appeals decided *State v. Tomlinson*, 159 Idaho 112, 357 P.3d 238 (Ct. App. 2015). In *Tomlinson*, the Court of Appeals stated that "[t]he state is not required to extrapolate the result of an evidentiary test—whether it be for blood, breath, or urine—back to a time when the defendant was driving." *Id.* at 121–22, 357 P.3d at 247–48 (citing *Elias-Cruz*, 153 Idaho at 203, 280 P.3d at 706; *Robinett*, 141 Idaho at 112, 106 P.3d at 438). The court then went one step further. Not only

was the State not *required* to extrapolate alcohol concentration back to the time a defendant was driving or in control of a vehicle, the court determined that "the alcohol concentration in a defendant's blood, breath, or urine at the time he or she was driving is irrelevant." *Id.* at 122, 357 P.3d at 248.

In light of the *Tomlinson* decision, the district court understandably excluded the expert testimony. "The district court correctly observed that precedent from this Court and the Court of Appeals is binding upon the district courts in Idaho." *State v. Grist*, 147 Idaho 49, 53, 205 P.3d 1185, 1189 (2009) (citing *State v. Guzman*, 122 Idaho 981, 986, 842 P.2d 660, 665 (1992)).

Austin argues that the prohibition against presenting any extrapolation evidence to defend against a per se DUI violation violated his due process right to present a defense in this case. He contends that the *Tomlinson* decision inappropriately extended this Court's *Elias-Cruz* decision. Austin claims that while *Elias-Cruz* dealt with hypothetical machine error—which is specifically addressed and disallowed as a defense under Subsection (4) of the DUI statute—*Tomlinson*'s extension of that case to suggest that a driver's condition while driving is wholly irrelevant to the crime of DUI was error. The State counters that evidence of a driver's condition while driving is irrelevant once an approved test comes back demonstrating someone is over the legal limit, no matter when it is conducted, and that the statute is clear in that command: "Contrary to Austin's argument on appeal, the plain language of the statute does not require a defendant to have a blood alcohol level of 0.08 '*while*' driving."

Condensed to only the "per se" portion, the statute reads as follows (ellipses omitted for readability):

> It is unlawful for any person who has an alcohol concentration of 0.08 or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle.

I.C. § 18-8004(1)(a). The State claims that the operative language is the "analysis" portion. The State further claims that some amount of common sense and prosecutorial discretion would prohibit unreasonable prosecutions, stating during the hearing, "Yeah, I mean, theoretically you could try to prosecute someone [for an approved test over the limit two days after driving]—I seriously doubt that any prosecutor in his right mind would try that. But what I'm—the point is that there's no—there's no time limit in Idaho." The State presumably then would read the statute as demanding guilt by imputing *some* level of alcohol intake prior to the operation of a vehicle in a specific case, followed by a statutorily-compliant alcohol-concentration test over the

5

limit at *some* point following the traffic stop—bound only by prosecutorial discretion. We disagree.

The statute as written prohibits a person with an alcohol concentration of 0.08 percent or greater to drive or be in physical control of a vehicle. It also allows the state to demonstrate a person is over the legal limit by an "analysis of his blood, urine, or breath." I.C. § 18-8004(1)(a). Further, the statute relieves the State of a requirement to extrapolate back to the moment someone was driving or in control of the car. In other words, the test results are sufficient for the State to show a driver is above the legal limit. The test result, however, does not act to remove the violation's nexus to driving, nor does it mandate an unassailable conclusion not open to defense. The *Tomlinson* decision erroneously extended the irrelevancy of a driver's actual alcohol concentration while driving—not required in the State's case-in-chief and not admissible as it relates to a machine's margin of error—to deny a defendant's right to present contrary evidence in his defense. Although the district court understandably relied on *Tomlinson*, its decision was not consistent with legal standards. Thus, the district court abused its discretion in granting the State's motion in limine and denying Austin's expert testimony as it related to the statute's per se section.

Additionally, the State erroneously argues that excluding the expert testimony was harmless since it claims "Austin still would have been convicted under the impairment theory of DUI." "A judgment may not be disturbed on appeal due to error in an evidentiary ruling unless the error affected the substantial rights of a party." *White v. Mock*, 140 Idaho 882, 891, 104 P.3d 356, 365 (2004). The district court conceptually agreed that its ruling limited Austin's ability to present a defense—certainly a defendant's substantial right—but followed precedent. The State charged Austin alternatively under both DUI theories, and the court provided jury instructions on both. There is no indication of which theory the jury convicted him. The inability to present an available defense to the per se violation in this case was not harmless.

Austin alternatively argued that the statute is unconstitutionally vague. Given our analysis above, the Court need not reach the constitutional question in order to decide this appeal.

## IV. CONCLUSION

For the foregoing reasons, Austin's conviction below is vacated and the case remanded for further proceedings consistent with this opinion.

Chief Justice BURDICK, Justices JONES, HORTON and BEVAN CONCUR.

6