**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46241**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  December 23, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CURTIS JOHN HOLLON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

Judgment of conviction, <u>vacated</u>; case <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Curtis John Hollon appeals from his judgment of conviction for driving under the influence of alcohol.  Specifically, Hollon challenges the district court's decision to exclude evidence of rising breath alcohol content ("BAC").  For the reasons set forth below we reverse and remand.

**I.**

**FACTS AND PROCEDURAL BACKGROUND**

Hollon was arrested and charged with driving under the influence of alcohol (DUI) after his BAC samples of .092 and .100 reflected he exceeded the legal limit of .08, Idaho Code § 18-8004.[1]  The State charged Hollon under alternate theories.  It alleged that he was driving while

---

[1]    Idaho Code § 18-8004(1)(a) provides:  It is unlawful for any person who is under the influence of alcohol, drugs, or any other intoxicating substances, or any combination of alcohol, drugs and/or any other intoxicating substances, or who has an alcohol concentration of 0.08, as

1

under the influence and/or driving with an alcohol concentration of .08 or more (a per se violation). Based on previous DUI history, Hollon was charged with a felony. Prior to trial, the State filed a summary of expected testimony, which stated that an expert, Officer Wendler, would testify to the length of time it takes for alcohol to rise, peak, and decline in a person's body and that alcohol concentration peaks approximately thirty minutes to one hour after alcohol consumption stops. At trial, Hollon attempted to ask a non-expert witness about alcohol absorption. The State objected to any evidence of rising BAC as irrelevant, citing *State v. Tomlinson*, 159 Idaho 112, 357 P.3d 238 (Ct. App. 2015), which held the alcohol content of a defendant's breath while driving is irrelevant. After a brief discussion outside the presence of the jury, the district court determined that *Tomlinson* was binding and sustained the State's objection.[2] The court further directed the parties not to discuss the period of time between the stop and the test or any "notion of extrapolation." The jury was instructed that in order to find Hollon guilty of driving under the influence, the State must prove either that he was driving while under the influence of alcohol or while having an alcohol concentration of .08 or more as shown by analysis of the defendant's breath. The jury found Hollon guilty but there was no indication as to whether he was convicted under the per se theory, the driving under the influence theory, or both. The district court sentenced Hollon to a unified term of ten years with five years determinate. Hollon timely appeals.

## II.

## ANALYSIS

Hollon argues the district court abused its discretion when it prohibited testimony and argument as to rising breath alcohol content, which violated his constitutional right to present a complete defense. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices

---

defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

[2] "[T]he alcohol concentration in a defendant's blood, breath, or urine at the time he or she was driving is irrelevant." *State v. Tomlinson*, 159 Idaho 112, 122, 357 P.3d 238, 248 (Ct. App. 2015), *abrogated by State v. Austin*, 163 Idaho 378, 413 P.3d 778 (2018).

before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Both parties agree that although the district court properly relied on our decision in *Tomlinson*, in light of the Idaho Supreme Court's subsequent decision in *State v. Austin*, 163 Idaho 378, 413 P.3d 778 (2018), that decision was an abuse of discretion. As stated in *Austin*, "The *Tomlinson* decision erroneously extended the irrelevancy of a driver's actual alcohol concentration while driving--not required in the State's case-in-chief and not admissible as it relates to a machine's margin of error--to deny a defendant's right to present contrary evidence in his defense." *Austin*, 163 Idaho at 382, 413 P.3d at 782. Because both parties agree that in the wake of *Austin* the decision to preclude Hollon from eliciting any evidence addressing rising BAC levels was in error, we need only address whether that error was harmless.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

The State argues that the error in precluding evidence of rising BAC levels was harmless. Specifically, the State asserts that the evidence could not have contributed to the verdict because Hollon had disclosed no exculpatory or favorable evidence: "The only available testimony on rising BAC was Officer Wendler's testimony that alcohol concentration peaks one hour after consumption stops, and the undisputed evidence showed Hollon had stopped drinking two hours before Officer Arrington pulled him over." The State's position is too limiting and assumes too much. Without the ability to address the topic of rising BAC, Hollon was unable to properly address the issue and any argument as to what evidence he may have elicited is speculative.

The State contends the district court's error in precluding Hollon from presenting evidence of his rising BAC could not have contributed to the verdict obtained because, unlike the defendant in *Austin*, Hollon did not have an available defense to the alleged per se violation. The State contends this is so because Hollon did not disclose an expert who could present

3

exculpatory testimony regarding rising BAC. However, this argument overlooks that Hollon was not required to disclose his own expert in order to present such a defense. Rather, Hollon was entitled to inquire of the State's previously disclosed expert on this point. As the State acknowledges, prior to trial, the prosecutor disclosed Officer Wendler as an expert who could testify, in relevant part, about the metabolization of alcohol; the length of time it takes alcohol to rise, peak, and decline in a person's body; and that alcohol concentration peaks approximately thirty minutes to one hour after alcohol consumption stops. Based on this disclosure, Hollon initially inquired of Officer Arrington, the arresting officer and the State's first witness, about the absorption of alcohol.[3] The prosecutor objected, citing *Tomlinson* and *Elias-Cruz v. Idaho Dep't of Transportation*, 153 Idaho 200, 280 P.3d 703 (2012), and argued that, notwithstanding the State's expert disclosure, she "no longer believe[d] such expert testimony is appropriate." Because the district court understandably sustained the objection in light of then-existing case law, Hollon was foreclosed from pursuing the line of inquiry now permitted under *Austin*. Under these circumstances, we will not assume, as the State's argument asks us to do, that Hollon could not have presented a defense through cross-examination of Officer Wendler.[4] *See State v. Roach*, 157 Idaho 551, 555, 337 P.3d 1280, 1284 (Ct. App. 2014) ("The physiological variables testified to by [Defendant's expert] describe ways in which the result of a breath sample may vary depending on the individual."). Therefore, we conclude the error was not harmless.

---

[3] Hollon explained that because the State indicated its intent to introduce the type of evidence outlined in the expert disclosure related to Officer Wendler, Hollon was entitled to question "any and all of the witnesses" regarding such evidence.

[4] The State asserts that "the undisputed evidence at trial" was Hollon's admission to Officer Arrington that "two hours prior to being stopped he had one beer and one shot of Fireball." The State couples this testimony with the proffered testimony in the State's expert disclosure to conclude that any expert testimony from Officer Wendler would not have been favorable to Hollon. However, Officer Arrington's testimony regarding what Hollon said regarding his alcohol consumption was elicited on direct examination prior to the district court's ruling on the admissibility of the anticipated expert testimony from Officer Wendler. Thus, the ability to dispute this evidence and its significance relevant to Hollon's BAC was foreclosed by the district court's evidentiary ruling.

## III.

## CONCLUSION

For the foregoing reasons, Hollon's conviction is vacated and the case remanded for further proceedings consistent with this opinion.

Judge HUSKEY and Judge LORELLO **CONCUR**.