IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 50409

STATE OF IDAHO,                          )
                                         )  Filed:  November 21, 2025
            Plaintiff-Respondent,        )
                                         )  Melanie Gagnepain, Clerk
v.                                       )
                                         )
TYLER SHAWN CLAPP,                       )
                                         )
            Defendant-Appellant.         )
                                         )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for felony driving under the influence and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Tyler Shawn Clapp appeals from his judgment of conviction for felony driving under the influence (DUI) and being a persistent violator.  We affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Two officers initiated a traffic stop after observing a vehicle being driven recklessly in a parking lot.  Upon contact, the officers noted that Clapp, the driver, exhibited slurred and slowed speech.  Clapp admitted to the officers that he consumed alcohol earlier that evening.  An open beer can, cool to the touch, was next to Clapp's leg on the floor of the vehicle.  Clapp acknowledged the beer can belonged to him.  Based on these initial observations, the officers

1

requested the assistance of a Special Traffic Enforcement Program (STEP) officer to conduct a DUI investigation. The STEP officer observed that Clapp's eyes were glassy, watery, and bloodshot. The STEP officer also detected the odor of an alcoholic beverage emanating from Clapp. Clapp refused to participate in field sobriety tests and declined to submit to either a breath or blood test. Consequently, Clapp was transported to a police facility where a search warrant was obtained for a blood draw. The blood sample was collected approximately two hours and forty minutes after the initial stop. Subsequent analysis revealed Clapp's blood alcohol concentration (BAC) to be 0.152.

The State charged Clapp with felony DUI. Clapp appealed and his judgment of conviction was vacated by the Idaho Supreme Court due to evidentiary errors related to the blood draw testimony. *See State v. Clapp*, 170 Idaho 314, 510 P.3d 667 (2022). The matter was remanded for a second trial. Prior to the second trial, neither the State nor Clapp disclosed an intent to introduce expert testimony regarding the physiological concept of "rising BAC"--the notion that a person's BAC may continue to increase for a period of time after ceasing to consume alcohol. During his opening statement at the second trial, Clapp emphasized the delay of approximately two hours and forty minutes between his observed driving pattern and the blood draw. Following opening statements and outside the presence of the jury, the State moved to prohibit Clapp from presenting evidence or cross-examination related to "rising BAC" or requiring the State to extrapolate his BAC to the time of driving. The State specifically sought to prevent cross-examination of its expert witness regarding these issues, arguing that such inquiry would be irrelevant and would risk confusing the jury or inviting speculation in violation of I.R.E. 403. The State further represented that it did not intend to offer any testimony regarding rising BAC or extrapolated BAC values.

The district court granted the State's motion, finding that, if the State did not elicit such testimony from its witness, cross-examination on the subject was not relevant and would not be permitted. Additionally, the district court noted that such testimony would require expert qualification, and there was no indication the State's witness had the requisite expertise. At the conclusion of the trial, the jury found Clapp guilty of felony DUI. I.C. §§ 18-8004 and 18-8005(9). In a bifurcated proceeding, the jury also found that Clapp had a prior felony DUI conviction from 2020 and adjudicated him to be a persistent violator. I.C. § 19-2514. Clapp appeals.

2

## II.

## STANDARD OF REVIEW

The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Folk*, 162 Idaho 620, 625, 402 P.3d 1073, 1078 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Clapp contends the district court erred by preventing him from cross-examining a State's witness about "rising BAC" evidence--a defense theory positing that his BAC may have risen from below the legal limit of 0.08 to 0.152 during the time between his observed driving and the blood draw. Clapp asserts that the district court's decision directly contradicts controlling Idaho Supreme Court precedent in *State v. Austin*, 163 Idaho 378, 413 P.3d 778 (2018) and precluded him from presenting any evidence of extrapolation or rising BAC levels based on a conclusion that such evidence would be irrelevant. Clapp also argues that the district court erred by allowing his BAC test results to be considered as evidence on the impairment theory of DUI without any evidence extrapolating those results back to the time of driving, contrary to *State v. Robinett*, 141 Idaho 110, 106 P.3d 436 (2005).[1] The State responds that a review of the record and relevant law

---

[1] Clapp also cites our unpublished opinion in *State v. Hollon*, Docket No. 46241 (Ct. App. Dec. 23, 2019), asserting that, although *Hollon* does "not constitute precedent" and claiming he does not rely on it "as authority requiring a particular decision in this case," he believes it involves the adjudication of "a factual scenario almost identical to the one presented in [his] case." In response, the State, in a footnote, argues that *Hollon* is both non-precedential and distinguishable because, in *Hollon*, the State "disclosed an expert witness who it expected to testify about the rise and decline of alcohol concentration over time." In reply, Clapp contends that *Hollon* "suggests that rising BAC and extrapolation does not actually need to be presented through an expert" and

shows that the district court acted within its discretion in excluding the cross-examination and that the ruling was not contrary to *Austin*. More specifically, the State argues that exclusion was proper because neither party disclosed expert testimony on "rising BAC" and that allowing examination of a witness who had not been qualified as an expert on rising BAC would have confused the jury and unfairly prejudiced the State. The State further argues that *Robinett* is distinguishable. We hold that Clapp has failed to show the district court erred.

## A.    Preclusion of Cross-Examination

The right to present a defense is protected by the Sixth Amendment to the United States Constitution and made applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Washington v. Texas*, 388 U.S. 14, 18 (1967). The right to present a defense includes the right to offer testimony of witnesses, to compel their attendance, and to present the defendant's version of the facts to the jury. *Id*. at 19. However, this right must be balanced against any interest the State has in the criminal trial process; the Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system. *Taylor v. Illinois*, 484 U.S. 400, 412-13 (1988); *State v. Meister*, 148 Idaho 236, 239-40, 220 P.3d 1055, 1058-59 (2009); *State v. Albert*, 138 Idaho 284, 287, 62 P.3d 208, 211 (Ct. App. 2002). For this reason, applicable rules of evidence that are not arbitrary or disproportionate to the purposes they serve may limit the admissibility of evidence without running afoul of the Sixth Amendment. *United States v. Scheffer*, 523 U.S. 303, 308 (1998); *Abdullah v. State*, 169 Idaho 711, 723, 503 P.3d 182, 194 (2021) (explaining that the Sixth Amendment right to present a defense does not excuse compliance "with the rules of procedure and evidence").

---

complains that the State has not argued *Hollon* "was manifestly wrong" and the State's failure to do so constitutes an "implicit[ ] conce[ssion]" that "it may well be appropriate for a non-expert to testify about that topic." Clapp's claim that he is not relying on *Hollon* as "requiring a particular decision in this case" is undermined by the length of his discussion of and reliance on it and his disingenuous suggestion that the State had some obligation to argue the decision was "manifestly wrong." The "manifestly wrong" standard applies to overruling actual precedent. *See State v. Ortiz*, 175 Idaho 94, 99, 562 P.3d 450, 455 (2024) (explaining that Idaho's appellate courts follow controlling *precedent* unless it is manifestly wrong; has proven over time to be unjust or unwise or unless overruling it is necessary to vindicate plain, obvious principles of law, and remedy continued injustice). Unpublished decisions, which expressly indicate they shall not be cited as authority, are not subject to overruling because they are not precedent. Given *Hollon*'s designation as unpublished, we need not engage in the parties' debate over its applicability to this case.

4

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *State v. Garcia*, 166 Idaho 661, 670, 462 P.3d 1125, 1134 (2020). Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

Idaho Rule of Evidence 403 permits a court to exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. A trial court's ruling limiting cross-examination is subject to an abuse of discretion standard of review, as is a district court's decision to admit or exclude evidence pursuant to I.R.E. 403. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

On appeal, Clapp claims that, pursuant to the Idaho Supreme Court's decision in *Austin*, he should have been permitted to present evidence of extrapolation or rising BAC levels through cross-examination of the State's witness. In our view, *Austin* does not support Clapp's argument. At the time of the stop at issue in *Austin*, the defendant stated he had recently consumed three alcoholic drinks. *Austin*, 163 Idaho at 379, 413 P.3d at 779. Despite having a BAC above the legal limit when tested, he sought to introduce expert testimony at trial showing that his BAC was still rising during the thirty minutes between being stopped and being tested, meaning his BAC may have been below the legal limit while he was actually driving. *Id.* The district court, following then-controlling Idaho precedent, ruled that this evidence was irrelevant to the per se theory of the DUI charge, though it could be used to challenge the State's impairment theory. *Id.* at 379-80, 413 P.3d at 779-80. However, on appeal, the Idaho Supreme Court clarified that, while BAC test results are sufficient for the State to show a driver was above the legal limit, the test result "does not act to remove the violation's nexus to driving, nor does it mandate an unassailable conclusion not open to defense." *Id.* at 381-82, 413 P.3d at 781-82. Accordingly, the Court held that excluding expert testimony on rising BAC was error because such evidence is relevant and admissible even under the per se theory. *Id.* at 380-82, 413 P.3d at 780-82.

5

Unlike in *Austin*, Clapp was not precluded from properly disclosing and presenting any expert testimony about "rising BAC." Clapp was, instead, prevented from trying to elicit such testimony through cross-examination of a specific State witness who was not disclosed by either party as an expert regarding "rising BAC." Significantly, the State also would have been barred from presenting "rising BAC" testimony from this witness on direct examination because the witness lacked the necessary qualifications to testify about the subject. Further, Clapp did not contend that testimony about "rising BAC" was properly admissible lay witness testimony pursuant to I.R.E. 701 as opposed to expert testimony as defined in I.R.E. 702. Clapp's contention that it was "likely the officer could have competently testified as an expert about rising BAC issues" is speculative, contradicts the record, and is unpersuasive. As the officer was not qualified as an expert, he was not qualified to provide testimony regarding "rising BAC." Moreover, evidence from an unqualified expert witness could confuse the jury and invite undue speculation about "rising BAC" and, thus, subject to exclusion pursuant to I.R.E. 403. Idaho Rule of Evidence 403 also operates to preclude Clapp's desired cross-examination because it would be unfairly prejudicial to the State given that Clapp did not give advance notice that he intended to qualify this witness as an expert so that he could pursue this type of defense through cross-examination. Clapp's failure to do so left the State without an opportunity to prepare or present its own expert witness to rebut the defense. Accordingly, the district court did not err in foreclosing Clapp's desire to examine the State's witness on the subject of "rising BAC."

**B.     Consideration of BAC Evidence**

Clapp also asserts the district court erred by permitting his BAC test results to be considered under the impairment theory of DUI without evidence extrapolating those results to the time of driving. Clapp contends the district court's decision on this point is contrary to *Robinett*. The Court in *Robinett* stated that, "unlike proceeding on a per se theory, admission of a numerical BAC test result for purposes of demonstrating impairment must be extrapolated back to the time of the alleged offense to be relevant." *Robinett*, 141 Idaho at 113, 106 P.3d at 439. This statement was a direct response to a scenario where a DUI investigation yielded a BAC test result but the State chose to prosecute solely on the impairment theory. *Id.* at 111, 106 P.3d at 437. In that specific context, the Court held that a numerical BAC result is admissible only if supported by foundational evidence extrapolating the result back to the time of the alleged offense. *Id.* at 112,

6

106 P.3d at 438. That holding does not apply here. In this case, the State charged Clapp under both the per se and impairment theories, making the BAC test result relevant to the per se theory even without extrapolation. Thus, *Robinett* is distinguishable from this case. Clapp has failed to show the district court erred in allowing his BAC test results to be considered as evidence on the impairment theory of DUI.

**C.     Cumulative Error**

Clapp contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors harmless in and of themselves may, in the aggregate, show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). A necessary predicate to the application of the doctrine is a finding of more than one error. *Id.* Clapp has failed to demonstrate the district court erred with respect to either of the issues he has raised on appeal. As such, Clapp has failed to show he is entitled to relief based on the cumulative error doctrine.

## IV.

## CONCLUSION

Clapp has failed to demonstrate that the district court erred in precluding him from cross-examining a State's witness about rising BAC levels. Clapp has also failed to show the district court erred by allowing his BAC test results to be considered as evidence. Finally, Clapp has failed to show he is entitled to application of the cumulative error doctrine. Consequently, Clapp's judgment of conviction for felony DUI and being a persistent violator is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.

7